Good morning. May it please the Court, I'm Peter Jones, representing Southwest Marine Appellant in this matter. We believe that this case, the government's case, should fail at its threshold, at the outset. At the outset of that case, on their brief and on the decision, is the applicability of FAR 31.204C, the similarity test. We believe that that case, that argument for the applicability of that provision should fail because that provision specifically says, this applies if none of the specific selected costs of 205 covers the costs at issue. 205-33 unquestionably covers Southwest Marine's legal fees. That is our principal assessment and argument of this case. I'm sorry, which language are you enforcing your law on? The language Part A where it talks about professional and consultant services. Is that what you're referring to, Part A? No, that's 33. And what are you referring to now? I am referring, and Judge Kuczynski's question went to 204C. All right. And that says Your argument is that if it's covered by an allowable cost, then the similarity provision can't apply. Correct. Okay, and you said there's some language in here that says that. Yes. And it's written in It says It's typical Washington speak, so I wasn't able to find that language specifically. So what is it specifically that you refer to that says that? It says Section 31.205 does not cover every element of cost. That's under D, right? No, this is C. By the way, there's been some changes in the regulation, and that language has shifted subparagraphs from time to time. This is the 1996 version. Yes, and the 99 version is that to which I'm referring, because these costs were incurred from 98 to 2001, and the contracts were So it was C, and then in 204 it became D, it's the same language. I believe that that's correct, Your Honor. Anyway, but it's the same language. So read to me once again. You've already read me an irrelevant part of this sentence. Why don't you just zero in on the language on which you rely. Don't sort of You have to run up by giving me other language. It says, well, there are three sentences that lead up to or that state the proposition covered by this subparagraph. The first one says that the selected cost doesn't cover every element. The second one says failure to include that cost in 31205 doesn't mean that the cost is allowable or unallowable. Then the next one says the determination of allowability shall be based on the principles and standards of this subpart, and that means subpart 31.2, and the treatment of similar or related selected items. The selected items are the ones in 205. Those are selected costs. And what this says by its clear terms, if 205 fails to cover a particular item of cost, if that hasn't been selected for specific coverage, then you look to the portions of 205 to which that item It's like you're talking in foreign language. I have no idea. You say clearly and whatnot. I don't see it. Tell me the language. What is it that says if it is covered by a specific allowable cost, then it doesn't fall into the similarity provision? Where is that language? Talk to me in English. It doesn't, you know, everything you've just read says nothing of the sort. So what is it? I don't see it. What this paragraph is stating is how you determine whether a particular item of cost is allowable or unallowable. Right, and what it says, everything you've read says, look, there are these examples. This is not exclusive. And you've got a similarity provision. If it doesn't fall exactly within one of these categories, you can use this. If it's similar to one of the categories, that's good enough. Now, you want to superimpose a rule on top of that and say, well, if it falls specifically in one of the categories, it does not, you can't use the similarity provision. And that's a good rule. I understand that rule. Unfortunately, I don't see any language that supports that. So where do you get it? I mean, you made the statement. You made a flat-out statement saying that that's what the rule says, and I want you to justify it. I want you to point out where it is in this provision that says, that stands for that proposition. We rely, Your Honor, in our reading of the matter, on the three sentences that I just quoted. That's it? As a coherent statement of the rule there. In addition, one would also have the ordinance. For what it's worth, I don't see it at all, but maybe my colleagues will. I mean, I don't understand. If there's an argument in there, I don't get it at all. But go ahead. That's where we. If you lose on that proposition, if you can't persuade us of that, then you lose, right? Then we go with the Federal Circuit and say this is just like, you know, this is a citizen suit. This could have been brought by the government, but there's also citizen supervision. There was a penalty here, right? There was a penalty, a provisional penalty imposed by the district court, correct, Your Honor? The answer is yes. It was not incurred as a cost. There was a penalty, which is what the provision says, that this allows cost. It says in a civil administrative proceeding, this is 205-47, a finding of contractor liability when the proceeding involves imposition of a monetary penalty. And so in this case, there was a monetary penalty. The district court did impose a monetary penalty. It was not paid. The only thing we're quibbling about is the question of whether, since this was not brought by the government, it could have been brought by the government, right? Yes. The government could have intervened and joined the suit or could have brought it initially, yes. And the question is, given that it was brought by what we call a private attorney general, not the government, does that somehow fall out of this prohibition? Very narrow. And the only case, strictly on point, is Judge Dyke's opinion in the Federal Circuit, right? I take it you're talking about Bowen? Bowen. Yes. First, Your Honor, in answer to your initial question, if this language doesn't say that the specific controls, in the sense that if there's a specific item, you don't have to look to similarity. You don't have to look to other items. We lose. No, we disagree. You still have to say, all right, if there are items out there, if there's more than one, to which these costs are similar, Dash 33 is still there. That covers professional fees. That's sure similar to the costs that Southwest Marine incurred in defending this case. But what do you do with Bowen? All right. Your Honor, that's what I wanted to argue, that Bowen is quite different. First, it wasn't in the statutory setting where you had 2324F requiring clear regulations. The most important point, though, is that what Bowen really decided is that the costs in that case of a private action were not similar. It says would not be similar to the situation in Northrop. What Bowen decided, what the judge there said, is those costs might be related within this clause, might be related to the costs of wrongdoing. What he was saying was, and what that decision says, I submit, is that the original wrongdoing that was the subject of this derivative action in Bowen was the cause or origin. In other words, the stockholder derivative was a further consequence of that wrongdoing. There was a relationship. In this case, there is no wrongdoing. In this case, the issue and the decision of the district court was simply that this on pollution controls. That was it. Well, you might have had an argument before Bowen, but, you know, as I read Bowen, it says 31204C instructs that the court look to see whether these costs are similar or related to any other unallowable costs. These costs are similar to those incurred when a contractor defends a suit brought by the government because the underlying suit was a private attorney general with penalties payable to the U.S. Treasury. Accordingly, they are analogous to costs disallowed under 31205-47B. Doesn't that cover your case? You're reading from the district court's decision in this case, aren't you? I'm reading from Boeing, North America, Inc., Federal Circuit, 298 Fed 3rd, 1274. I'm sorry, Your Honor. What page were you reading from? I will check. These were just notes that I had. Well, there's several pages where they talk about it. One is on page 1279. The other is 1280. The other is 1280. 1285. And 86. And 86 in particular. In particular. If you look at 1286 in the right-hand column, there's some very powerful language that's not helpful to you at all. How can I understand Northrop and Farr section 31.205-47, taken together, establish a simple principle? Do you see it there? Yes, I do. Okay. That says, and this is the argument I just made, that a private suit, that's what it says, charging contractor wrongdoing, are not allowable if the similar cost would be disallowed under the regulation. The next language of Boeing says that a stockholder derivative suit, which in this case alleged the original wrongdoing, would not be similar to such an action. And in this case, we don't even, in Southwest Marine's case, we don't even have an allegation of wrongdoing. All right. I see you're way over your time. What we submit is that what the Court's really reasoning is that wrongdoing has these consequences that go on. And if you get sued based on that, then we look to the regulations here concerning what happens in the case of wrongdoing. I do understand the argument.  Thank you. May it please the Court. I think the simplest way to understand this case. Is there anything you heard today that you don't think is adequately covered by your brief? Your Honor, I do think the brief addressed all the issues, but I wanted to summarize if I could and address some of the. Did you hear my question? Yes. Yes, I did. Do you think there's anything that's not adequately covered by your brief? I think the purport of that is, do you want to quit while you're ahead? All right. Thank you. Let me just argue the case a minute. We'll now hear argument in our Animal Protection Rescue League versus State of California.
judges: Kozinski, Aldisert, Nelson